936 F.2d 583
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Melvin Leroy MAHLER, Plaintiff-Appellant,
v.
Stephen W. KAISER, Warden, and Richard Henry, Defendants-Appellees.
 No. 91-6075.
 United States Court of Appeals, Tenth Circuit.
 June 11, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judge.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Melvin Leroy Mahler, a state prisoner proceeding pro se and in forma pauperis, appeals from an adverse summary judgment dismissing his 42 U.S.C. Sec. 1983 action against two corrections officials. He contends that Fed.R.Civ.P. 12(b)(6), which was invoked below, but expressly converted to a summary judgment proceeding under Fed.R.Civ.P. 56, has no application in the instant case; and, that he was not given adequate notice of proceedings under Fed.R.Civ.P. 56 because the court failed to inform him of the consequences of not filing counter-affidavits. He also asserts that his Fifth Amendment privilege against self-incrimination was violated. However, that claim, along with certain other arguments and materials presented on appeal, was not raised in the complaint or before the district court, and is not part of the record. We decline to address such matters.
 
 
 3
 In its Memorandum Opinion in this case, the district court noted that "Plaintiff was given notice of his opportunity to respond consistent with Fed.R.Civ.P. 56 and he has responded." R.Vol.I, tab 19, p. 1. The record fully supports that finding by the district court and we find appellant's arguments to the contrary to be without merit. Further, the district court had no responsibility to teach Mahler how one might or ought to proceed under the rules.
 
 
 4
 In his complaint Mahler argues that he was denied due process and equal protection because officials permitted state felony charges to be filed prior to certain disciplinary proceedings against him, allegedly contrary to department of correction's policies and procedures; and that he was unequally and selectively prosecuted (e.g., "When I chose to stand on my Constitutional right to remain silent, Investigator Henry stated that he was going to make an example of me by filing State charges, which he did on this same date, 1-11-90."). R.Vol.I, tab 2, pp. 2 (emphasis in original). The facts of this case, and the foregoing issues, are fully set forth and addressed in the court's Memorandum Opinion, filed February 5, 1991. R.Vol.I, tab 19. We agree with the district court's analysis. Accordingly, for the reasons, and upon the authorities set forth in the district court's opinion, a copy of which is attached hereto, the judgment of the district court dismissing Mahler's action is AFFIRMED. The mandate shall issue forthwith.
 
 IN THE UNITED STATES DISTRICT COURT FOR THE
 WESTERN DISTRICT OF OKLAHOMA
 
 5
 MELVIN LEROY MAHLER, Plaintiff,
 
 
 6
 vs.
 
 
 7
 STEPHEN W. KAISER and RICHARD HENRY, Defendants.
 
 No. CIV-90-1726-R
 Feb. 5, 1991
 MEMORANDUM OPINION
 
 8
 Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this 42 U.S.C. Sec. 1983 action for alleged violations of his constitutional rights. Defendants have filed a Special Report as ordered by the Court, Martinez v. Aaron, 570 F.2d 317 (10th Cir.1978), and have moved to dismiss. Plaintiff was given notice of his opportunity to respond consistent with Fed.R.Civ.P. 56 and he has responded.
 
 
 9
 On January 9, 1990, while incarcerated in the Lexington Assessment and Reception Center (LARC), a Department of Corrections employee observed plaintiff in possession of a substance which later was tested and proved to be marijuana. After a brief struggle, plaintiff was detained. A misconduct offense report was filed that same day. On January 16, 1990, he was found guilty in this institutional disciplinary hearing of the charges of possession of contraband and battery of a staff member. In the meantime, on January 11, documentation and evidence was presented to the Cleveland County Assistant District Attorney, resulting in criminal charges against plaintiff for possession of contraband in a penal institution. Plaintiff was arraigned on January 17, 1990, and on February 7, 1990, plaintiff pled guilty at the preliminary hearing.
 
 
 10
 Plaintiff essentially alleges (1) that he has a due process interest in having prison misconduct charges heard prior to the filing of criminal charges for the same conduct, and (2) that defendants selectively referred his case for criminal prosecution in violation of his equal protection rights.
 
 
 11
 Although state regulations containing explicitly mandatory language and specific substantive predicates may create a due process right, see Hewitt v. Helms, 459 U.S. 460 (1983), plaintiff fails entirely to show any such state-created due process right to prison disciplinary hearings prior to the filing of criminal charges. Plaintiff evidently misreads Department of Corrections regulations as designating a sequence for filing misconduct reports and criminal charges. Department of Corrections disciplinary procedures are set out in the Policy and Operation Manual OP-090125, effective June 10, 1990, (Special Report Attachment F) which states the following:
 
 
 12
 C. Violation of Criminal Law. Where an inmate allegedly commits an act covered by criminal law, the case may be referred to appropriate law enforcement officials for consideration of prosecution based on prior agreements between the correctional and appropriate law enforcement officials.
 
 
 13
 An unidentified document dated January, 1988, (Special Report Attachment E) states the following:
 
 
 14
 An offense resulting in a plea or finding of guilt which may also constitute a law violation shall be referred to the appropriate authority for prosecution in addition to the imposition of internal sanctions.
 
 
 15
 Neither of these statements prohibit Department of Corrections officials from referring cases for criminal prosecution prior to determination of guilt on the misconduct charges. Plaintiff's due process claim is without merit.
 
 
 16
 Petitioner also claims that defendants selectively referred his case for criminal prosecution because he exercised his constitutional right to remain silent when the incident was being investigated at the prison, in violation of his equal protection rights. Plaintiff's claim is analogous to a claim of selective prosecution which is analyzed according to ordinary equal protection standards. See United States v. Wayte, 470 U.S. 598, 608 (1985) (citing Oyler v. Boles, 368 U.S. 448, 456 (1962)). Plaintiff must show that the referral of his case for criminal prosecution had a discriminatory effect and that it was motivated by a discriminatory purpose. United States v. Wayte, 470 U.S. at 608-609. Thus plaintiff must show that others similarly situated have not been referred for criminal prosecution and that the defendants' selection of him, as against all other inmates, was "based on intentional, purposeful discrimination stemming from impermissible considerations such as race, religion or the desire to prevent the exercise of other constitutionally secured rights." Barton v. Malley, 626 F.2d 151, 155 (10th Cir.1980) (claim of selective enforcement of parole revocation guidelines requires a showing of intentional purposeful discrimination based on impermissible considerations). The decision to refer the case for criminal prosecution is not improper unless it results solely from the plaintiff's exercise of a protected legal right. See United States v. Goodwin, 457 U.S. 368, 380, n. 11 (1982). Attachment D to the Special Report is the "Felony/Misdemeanor Prosecution Report," covering the period of September, 1989, through November 1990, which reflects numerous referrals from the Lexington Correctional Center for criminal prosecution. It includes several referrals for possession of contraband. Plaintiff does not allege that the criminal charge against him was baseless. Other than the bare allegation that the investigator told plaintiff that he was going to make an example of plaintiff after plaintiff exercised his constitutional right to remain silent, plaintiff has utterly failed to present any evidence from which the Court could infer that his case was referred to the District Attorney because of plaintiff's silence. Moreover, the unbridled scope of such an argument warrants its rejection. The Constitution does not prevent prosecution of a criminal defendant who exercises the right to remain silent. The Court finds that plaintiff has shown neither that similarly situated inmates have not had their cases referred for criminal prosecution, nor that the referral of his case was based on impermissible considerations. Accordingly, this claim fails.
 
 
 17
 For the foregoing reasons, the defendants are entitled to judgment as a matter of law. A judgment will enter accordingly.
 
 DAVID L. RUSSELL, UNITED STATES DISTRICT JUDGE
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3